UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 4:09CR0032 RWS/TCM |
| | ) |
| **EDWARD JOHN BOROUGHF,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Disclosure of 404(b) Evidence [Doc. 214] and Defendant's Motion for Disclosure of Confidential Informants. [Doc. 216]

    A.    <u>Defendant's Motion for Disclosure</u> [Doc. 214]

The Government has responded to this motion by advising Defendant and the Court that it will provide all 404(b) evidence to counsel for Defendant two weeks prior to trial. Additionally, Judge Sippel's Pretrial Order requires the Government to disclose 404(b) evidence prior to trial.

Defendant's motion is denied as moot.

    B.    <u>Defendant's Motion for Disclosure of Confidential Informants</u> [Doc. 216]

The law is well settled that the Government has a privilege to withhold the disclosure of the identity of its informants. **<u>McCray v. Illinois</u>**, 386 U.S. 300 (1967). "The defendant bears the burden of demonstrating the need for disclosure and the court must weigh the defendant's right to information against the Government's privilege to withhold the identity

of its confidential informants." **United States v. Harrington**, 951 F.2d 876, 877 (8th Cir. 1991).  See also **McCray**, 386 U.S. at 310; **Roviaro v. United States**, 353 U.S. 53, 60-61 and 62 (1957).  "[I]n order to override the Government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case."  **Harrington**, 951 F.2d at 877.  "There must be some showing that the disclosure is vital to a fair trial."  **United States v. Curtis**, 965 F.2d 610, 614 (8th Cir. 1992).  "A trial court abuses its discretion if it orders disclosure absent a showing of materiality."  Id.; **United States v. Grisham**, 748 F.2d 460, 463 (8th Cir. 1984).

Moreover, the Government advises that certain informants are **Roviaro**[1] type informants.  Some of these witnesses may appear in trial but the Government is not required to disclose names or addresses of witnesses prior to trial in non-capital cases.  **United States v. Piatt**, 679 F.2d 1228, 1223 (8th Cir. 1982)(United States v. Pelton, 578 F.2d 701, 708 (8th Cir. 1978)).  The Government will provide Jenks material prior to trial and if any of the **Rovario** witnesses are not called by the Government, the Government has agreed to disclose those witnesses to the Defendant.  See also Federal Rules of Criminal Procedure Rule 16(b)(2), 26.2(a)(g), and 18 U.S.C. § 3500 (Jenks Act).

Defendant's motion for disclosure of confidential informants is denied.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of August, 2009.

---

[1] Roviaro v. United States, 353 U.S. 53, 60-62 (1957).